STATE OF NEW JERSEY IN THE INTEREST OF M. L., JUVENILE-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 2, 1973—Decided July 12, 1973.

Before Judges FRITZ, LYNCH and FULOP.

*Mr. James J. Lee,* Assistant Deputy Public Defender, argued the cause for appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. Barry G. Evertz,* Assistant Prosecutor, argued the cause for respondent (*Mr. Sherwin D. Lester,* Bergen County Prosecutor, attorney).

PER CURIAM. Although the juvenile defendant here argues that the State failed to prove its charges beyond a reasonable doubt, whereby the complaint should have been dismissed, an argument we find without merit, the more troublesome question raised is the authority for the imposition of the $15 fine here ordered.

The issue is not without substantial difficulty, and the policy questions can be effectively argued in both directions. We think, however, the legislative intent is clear. This being so, it is neither our obligation nor our prerogative to do other than give effect to that intent.

On an adjudication of guilty the Juvenile and Domestic Relations Court may, among other sanctions, "[p]lace the child on probation * * * upon such terms as the court may deem to be to the best interest of the child." *N. J. S. A.* 2A:4–37(a). (This probation can include terms binding on parents. *R.* 5:9–9(b)(2)(B)). Probation can be on the imposition and suspension of a sentence involving "the penalty provided by law," *N. J. S. A.* 2A:4–36, and the sentence can, of course, include commitment to an institution. *N. J. S. A.* 2A:4–37(b).

*N. J. S. A.* 2A:168–1 particularly refers to the Juvenile and Domestic Relations Court and the placement of children on probation. *N. J. S. A.* 2A:168–2 enables the imposition of a fine as a condition of probation. Considering the breadth of the sanctions for which provision is thus made, and perhaps more significantly, *N. J. S. A.* 2A:168–1 and 2, read *in pari materia,* we have no doubt the Legislature intended to entrust the court with the power to levy a fine in connection with an adjudication of guilt and a probationary disposition.

Having thus decided that a fine is within the competency and jurisdiction of the Juvenile and Domestic Relations Court, we adjure that court to caution and the very delicate exercise of its discretion in this regard. A fine has been defined as something intending to punish. *State v. DeBonis,* 58 *N. J.* 182, 192 (1971). It is important that with a juvenile, where rehabilitation rather than punishment should

be the lodestar, any fine imposed be designed and administered to implement rehabilitation rather than to punish.

Affirmed.